FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 05, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSHUA CABE PLUMB,<br><br>               Appellant,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>               Appellee. | NO: 1:24-CV-3046-TOR<br><br>ORDER OF DISMISSAL |

BEFORE THE COURT is Appellant Joshua Cabe Plumbs' failure to file his appellate brief in this case.

On June 6, 2024, the Court warned Mr. Plumb:

> Appellant Joshua Cabe Plumb is required to submit his brief on this appeal according to Federal Rule of Bankruptcy Procedure 8018 within 30 days after docketing of notice that the record has been transmitted. That occurred on May 1, 2024 and Appellant's brief is now late. **Appellant shall file his appeal brief promptly, or this appeal will be dismissed for failure to prosecute.**

ECF No. 9 at 2.

ORDER OF DISMISSAL ~ 1

Appellant has not filed a brief timely nor responded to the Court's Order to comply. While *pro se* pleadings are held to less stringent standards than those prepared by attorneys, *pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). *Pro se* litigants must follow the rules of the court in which he or she litigates. *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986).

It is well established that district courts have the authority to dismiss for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether to dismiss a case for failure to comply with a court order or failure to prosecute, the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61; *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Similarly, "[i]t is incumbent upon us to

ORDER OF DISMISSAL ~ 2

preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants …." *Ferdik*, 963 F.2d at 1261.  In the present action, the first two factors weigh in favor of dismissal.

The third factor for the Court to weigh is the risk of prejudice to the opposing party.  "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).  In the instant case Appellant has offered no excuse for his default.  Thus, the complete lack of response by Appellant is creating an unreasonable delay.  For these reasons, this factor weighs in favor of dismissal.

The fourth factor for the Court to consider is the public policy favoring disposition of cases on their merits.  The Ninth Circuit has repeatedly found that public policy favors disposition of cases on the merits, therefore, this factor weighs against dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002); *Malone*, 833 F.2d at 133 n.2.

The fifth factor for the Court to consider is the availability of less drastic alternatives. *See U.S. v. Nat'l Med. Enter.*, 792 F.2d 906, 913 (9th Cir. 1986) (court must first consider the impact of the sanction and the adequacy of less drastic sanctions).  "[C]ase law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of

ORDER OF DISMISSAL ~ 3

alternatives" requirement." *Malone*, 833 F.2d at 132-33. This factor weighs in favor of dismissal. Appellant was clearly instructed to promptly file his appellate brief or the case would be dismissed. He was given adequate time to respond and has not timely filed his brief. Appellant's complete lack of response demonstrates an unwillingness to participate in prosecuting this action.

After carefully weighing each of the factors, the Court finds that four out of the five factors weigh in favor of dismissal. Accordingly, the Court orders dismissal of this case.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. This matter is **DISMISSED**.

2. All pending motions are **DENIED** as moot.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to the parties including Joshua Cabe Plumb at his last known address, and **CLOSE** the file.

**DATED** July 5, 2024.



THOMAS O. RICE
United States District Judge

ORDER OF DISMISSAL ~ 4